ELECTRONICALLY FILED
Crawford County Circuit Court
Sharon Blount-Baker, Circuit Clerk
2017-Jul-31 10:11:06
17CV-17-352
C21D01 : 24 Pages

## IN THE CIRCUIT COURT OF CRAWFORD COUNTY, ARKANSAS
## CIVIL DIVISION

DOUGLAS A. COLEMAN, JR.,
in his capacity as Special Administrator
of the Estate of Casey L. Anstine, Deceased
and in his capacity as next friend
of Mason Anstine a minor, and
Brittany McConnell, a minor                                    **PLAINTIFF**

V.                           CASE NO. *17CV-17-352*

THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA; and PRUDENTIAL INSURANCE
AGENCY, LLC                                                    **DEFENDANTS**

### COMPLAINT

COMES NOW the Plaintiff, Douglas A. Coleman, Jr., in his capacity as the Special

Administrator of the Estate of Casey L. Anstine, and in his capacity as next friend of Mason

Anstine, a minor, and Brittany McConnell, a minor, by and through his undersigned counsel, and

for his Complaint, states as follows:

### Parties

1.      The Plaintiff is the duly appointed Special Administrator of the Estate of Casey L.

Anstine. A copy of the Order Appointing Special Administrator and Letters of Administration are

attached hereto as **Exhibit "A"** and **"Exhibit B,"** respectively.

2.      The Plaintiff is the next friend of Mason Anstine and Brittany McConnell, the

minor children of Casey L. Anstine, deceased.

3.    On information and belief, the Separate Defendant, The Prudential Insurance Company of America, is a foreign insurance company registered to do business in Arkansas, with its principal place of business located in Newark, New Jersey.

4.    On information and belief, the Separate Defendant, Prudential Insurance Agency, LLC, is a foreign limited liability company registered to do business in Arkansas.  The registered agent for service of process is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, AR  72201.

<u>Jurisdiction and Venue</u>

5.    The Plaintiff resides in Crawford County along with the minor children of Casey L. Anstine, deceased.

6.    On information and belief, the Defendant's principal place of business in the State of Arkansas is Little Rock, Arkansas.

7.    This matter involves the interpretation of a policy of insurance, the contract for which was entered into at the deceased's residence, located in Springdale, Washington County, Arkansas.

8.    Jurisdiction and venue are proper herein.

<u>Factual Allegations</u>

9.    Before her death, Casey L. Anstine submitted an application for a life insurance policy with the Defendants.  On information and belief, this application is in the sole custody and control of the Defendants, and good cause exists to excuse its attachment hereto pursuant to Rule 10(d) of the Arkansas Rules of Civil Procedure.

10.    The Defendants issued a policy of life insurance for Casey L. Anstine.  On information and belief, the policy is in the sole custody and control of the Defendants, and good

cause exists to excuse its attachment hereto pursuant to Rule 10(d) of the Arkansas Rules of Civil Procedure.

11.    All requisite premiums were paid timely and Ms. Anstine met all obligations of the Policy.

12.    The Policy listed Ms. Anstine as insured and named her husband, Brenton Wayne Linn, as the beneficiary.

13.    On or about June 4, 2006, Ms. Anstine was killed in a one-vehicle motor vehicle crash caused by Mr. Linn's drunken driving. Mr. Linn was given a breathalyzer on the date of the collision, which indicated that he had been drinking prior to the crash. Local law enforcement commenced a criminal investigation into the death. The Defendants knew or should have known that the circumstances surrounding Ms. Anstine's death were suspicious and possibly criminal in nature. A true and correct copy of Ms. Anstine's Death Certificate is attached hereto and incorporated herein as **Exhibit "C."**

14.    On or about July 6, 2007, Mr. Linn was found guilty of Negligent Homicide - Class C Felony in Washington County, Arkansas. A true and correct copy of the Judgment in the criminal matter is attached hereto and incorporated herein as **Exhibit "D."**

15.    In 2009, Douglas A. Coleman, the half-brother of Casey L. Anstine, deceased, and the duly appointed Special Administrator of the Estate of Casey L. Anstine, brought a civil action against Mr. Linn for the wrongful death of Ms. Anstine. That case style and number is *Douglas Allen Coleman, Individually and as Special Administrator for the Estate of Casey L. Anstine, deceased v. Brenton Wayne Linn*, Washington County Circuit Court Case No. CV-2009-1775-5.

16.    On or about April 7, 2011, a bench trial was held and Mr. Linn stipulated to negligently causing the death of Casey L. Anstine. The Circuit Court specifically found "that the

Defendant wrongfully, willfully, unlawfully, and feloniously caused the death of Casey L. Anstine while Defendant was driving intoxicated, and therefore punitive damages are proper." The Court awarded the Estate of Casey L. Anstine $2,000,000.00 in damages and apportioned those damages among the Estate, the deceased's two surviving daughters, her siblings of whole and half-relation, and her step-father standing in loco parentis. The Court also awarded the Estate and its beneficiaries $250,000.00 in punitive damages. The Court also ordered that post-judgment interest should accrue at the rate of 10% per annum. A true and correct copy of the Judgment, entered April 7, 2011, and filed for record October 24, 2011, is attached hereto and incorporated herein as **Exhibit "E."**

17.     At some point in 2006, despite the pending criminal investigation and proceedings against Mr. Linn, the Defendants paid the Policy coverage amount of $407,000.00 to Mr. Linn, in violation of the terms of the policy and state law, specifically Ark. Code Ann. § 18-4-205.

18.     On or about January 4, 2013, counsel for the Plaintiff notified VA Prudential Insurance that the Policy funds were wrongfully distributed to the "slayer" of the named Insured, in violation of state law. A true and correct copy of this notification and demand for payment is attached hereto and incorporated herein as **Exhibit "F."**

19.     Despite the clear mistake of the Defendants, the Defendants refuse to reimburse the Estate the Policy funds as required by the contract of insurance and state law.

## I.     DECLARATORY JUDGMENT

20.     Plaintiff restates all allegations contained in Paragraphs 1-19 by this reference.

21.     In Arkansas, a "slayer" is defined in two ways relevant to this proceeding:

(1)     ...an individual who is: convicted by a court of competent jurisdiction of or pleads guilty or nolo contendere to the unlawful killing of the decedent; and

4

(2)    ...an individual who is: found by a preponderance of the evidence in a civil action to have unlawfully killed the decedent...

22.    Arkansas law is clear that "insurance and annuity proceeds payable to a slayer as the beneficiary or assignee of a policy or certificate of insurance...shall be paid to the decedent's estate." Ark. Code Ann. § 18-4-205(a).

23.    The Judgments attached as Exhibits "D" and "E" conclusively establish that Mr. Linn is the "slayer" of Casey L. Anstine, deceased.

24.    The facts and circumstances surrounding the death of Ms. Anstine on June 4, 2006, were enough to put the Defendants on notice that the death may have been caused by a "slayer" as defined by Arkansas law.

25.    The Plaintiff respectfully requests that the Court exercises its powers under the declaratory judgment statute and finds and declares that Mr. Linn was, in fact, the legal "slayer" of Ms. Anstine, and that all insurance proceeds should have been paid to her Estate and not to her slayer.

## II.    SPECIFIC PERFORMANCE

26.    The Plaintiff restates the allegations contained in Paragraphs 1 through 25 by this reference.

27.    The Plaintiff respectfully requests that the Court orders specific performance of the Policy terms, in light of the relevant slayer statute, and directs the Defendants to pay immediately to the Estate of Casey L. Anstine the Policy proceeds of $407,000.00.

### III.   BREACH OF CONTRACT

28.     The Plaintiff restates the allegations contained in Paragraphs 1 through 27 by this reference.

29.     Casey L. Anstine, deceased, and the Defendants entered into a contract for a life insurance policy.

30.     The Policy required the Defendants to perform under its terms by paying out a sum of money upon her death.

31.     The Policy required that Ms. Anstine execute a truthful application and pay all applicable premiums and fees, and Ms. Anstine did what the Policy required of her.

32.     The Defendants did not do what the Policy required of them when they paid out the Policy proceeds to Ms. Anstine's slayer in violation of the terms of the policy and Arkansas law.

33.     In essence, the Estate of Casey L. Anstine may be considered a third-party beneficiary of the Policy.

34.     The Plaintiff respectfully requests that the Court finds that the Defendants breached the contract for insurance, and orders the Defendants to pay immediately to the Estate of Casey L. Anstine, the Policy proceeds totaling $407,000.00 plus.

35.     The Plaintiff respectfully requests that the Defendants pay the Plaintiff's costs and reasonable attorneys fees pursuant to Ark. Code Ann. 16-22-308.

36.     Additionally, the Plaintiff respectfully requests that the Defendants be ordered to pay a penalty of twelve percent (12%) of the total Policy proceeds for failure to pay timely the proceeds to the appropriate party pursuant to Ark. Code Ann. 23-79-208.

37.     Had the defendants paid the sum to the Estate in a timely manner, the Estate could have invested the money in an interest-bearing account or other mutual fund for the benefit of the

deceased's minor daughters. Defendants' mishandling of this claim resulted in the Plaintiff's loss of the time-value of money and the Estate should be compensated for same. Therefore, the Plaintiff requests consequential damages at a reasonable interest-bearing rate from the date that the proceeds were wrongfully distributed to Mr. Linn.

## IV.   BAD FAITH

37.    The Plaintiff restates all allegations contained in Paragraphs 1-36 by this reference.

38.    The Plaintiff sustained damages in that it did not receive the proceeds of the Policy in a timely manner and therefore lost both the principal sum of $407,000.00 plus consequential damages owing to the time-value of money invested.

39.    The Defendants acted in bad faith in distributing the Policy proceeds to the deceased's slayer in violation of the policy and Arkansas law when the facts were such to justify further investigation into the claim.

40    The Defendants' conduct proximately caused damage to the Plaintiff as described above.

41.    The Plaintiff respectfully requests that the Court order the Defendants to pay the sum of $407,000.00 plus consequential damages, plus a 12% statutory penalty, plus costs and reasonable attorney's fees.

42.    Given the egregious mishandling of this claim, the Plaintiff prays that the Court assess punitive damages against the Defendants for their bad faith conduct.

WHEREFORE, the Plaintiff prays that the Court finds in his favor on his Complaint, exercises its powers under the declaratory judgment statute and finds and declares that Mr. Linn was, in fact, the legal "slayer" of Ms. Anstine, and that all insurance proceeds should have been paid to her Estate and not to her slayer, orders specific performance of the Policy terms, in light of

the relevant slayer statute, and directs the Defendants to pay immediately to the Estate of Casey L. Anstine the Policy proceeds of $407,000.00, awards consequential damages at a reasonable interest-bearing rate from the date that the proceeds were wrongfully distributed to Mr. Linn, order the Defendants to pay the sum of $407,000.00 plus consequential damages, plus a 12% statutory penalty, plus costs and reasonable attorney's fees, awards punitive damages, costs and reasonable attorneys' fees to the Plaintiff, or alternatively enter judgment against Defendant for same, and for all other just and proper relief to which he may be entitled.

Respectfully submitted,

A. Powell Sanders, ABA 97015
Sexton & Sanders Law Firm
17 No. 6th Street
Fort Smith, AR 72901
Phone:        479-782-3434
Fax:          479-782-0092
powell@sextonsanders.com

*Attorney for Plaintiff*

ELECTRONICALLY FILED
Crawford County Circuit Court Probate Division
Teresa Armer, County Clerk
2017-Mar-29 11:31:07
17PR-17-73
C21D01 : 3 Pages

# IN THE COUNTY COURT OF CRAWFORD COUNTY, ARKANSAS
## PROBATE DIVISION

IN THE MATTER OF THE ESTATE OF     Case No: 17 PR 17-73

CASEY L. ANSTINE, Deceased

### ORDER APPOINTING SPECIAL ADMINISTRATOR

On this day comes for hearing the petition of (petitioner) for appointment of a Special Administrator of the estate of (deceased), deceased; and upon consideration of such Petition and the facts and evidence in support thereof, the Court finds:

1. That a previous Order appointing a Special Administrator of the Estate of Casey L. Anstine pertaining to a personal injury/wrongful death action has been concluded and dismissed (*In the Matter of the Estate of Casey L. Anstine*, Washington County Circuit Court Case No. 72-PR-09-325-5), the current petition is not opposed by any known person, and the same may be heard and decided forthwith.

2. That Casey L. Anstine, who resided in Springdale, Washington County, Arkansas died on or about June 4, 2006.

3. That the Petitioner, Douglas A. Coleman, Jr., alleges that the Estate of Casey L. Anstine may have a cause of action against Prudential Life Insurance Company for breach of contract and bad faith, *inter alia*, for the improper payments of life insurance proceeds to a slayer in violation of Ark. Code Ann. § 28-48-101 and desires to bring a civil action on behalf of the Estate alleging same.

4. That Douglas A. Coleman, Jr. is a proper person and fully qualified by law to serve as Special Administrator of the Estate of Casey L. Anstine, deceased, for the specific



purpose of pursuing a cause of action against Prudential for breach of contract and bad faith, *inter alia*, and that he should be appointed to serve without bond subject to the submission of a full and final accounting at the conclusion of that matter.

IT IS, THEREFORE, CONSIDERED, ORDERED, AND ADJUDGED that nominee, Douglas A. Coleman, Jr., be, and hereby is, appointed Special Administrator of the Estate of Casey L. Anstine, to serve without bond for an unspecified period of time so that he may do all things related to pursuing a cause of action against Prudential for breach of contract and bad faith, *inter alia*, that he be allowed to serve without bond, and that the Letters of Special Administration be issued to the Special Administrator, Douglas A. Coleman, Jr., upon the filing of his acceptance of Appointment as Special Administrator of the Estate of Casey L. Anstine. Upon settlement or other conclusion of this matter, the Special Administrator shall report to this Court.

IT IS SO ORDERED THIS _____ day of _____, 2017.

_____
PROBATE JUDGE



Arkansas Judiciary

**Case Title:**     CASEY L. ANSTINE

**Case Number:**    17PR-17-73

**Type:**           ORDER APPT ADMINISTRATOR/IX

So Ordered

Judge Gary Cottrell

Electronically signed by GRCOTTRELL on 2017-03-29 11:31:18    page 3 of 3

# IN THE CIRCUIT COURT OF CRAWFORD COUNTY, ARKANSAS
## PROBATE DIVISION

IN THE MATTER OF THE ESTATE OF    Case No: 17PR-17-73
CASEY L. ANSTINE, Deceased

## LETTERS OF SPECIAL ADMINISTRATION

BE IT KNOWN:

That Douglas A. Coleman, Jr., having been duly appointed Special Administrator of the

Estate of Casey L. Anstine, deceased, who died on or about June 4, 2006, and having qualified as such

Special Administrator is authorized to act as such Special Administrator for and in behalf of the estate

for the purpose doing all things related to pursuing a cause of action against Prudential for breach of

contract and bad faith, *inter alia.*

ISSUED this ___10th___ day of ___April___, 2017.

Teresa Armer
~~SHARON BLOUNT~~,
Crawford County ~~Circuit~~ County Clerk
300 Main Street
Van Buren, AR 72956

By: _Kelly Harris D_
Deputy Clerk



STATE OF ARKANSAS

ARKANSAS DEPARTMENT OF HEALTH
CERTIFICATE OF DEATH

WARNING

THIS IS TO CERTIFY THAT THE ABOVE IS A TRUE AND CORRECT COPY OF THE CERTIFICATE ON
FILE IN THE ARKANSAS DEPARTMENT OF HEALTH.

JUN 1 3 2006

Melissa A. Adams
State Registrar

FILED

2007 JUL 6 PM 1

BRENDA DESHIELDS
CLERK AND RECORDER
BENTON COUNTY, AR

IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS
19TH JUDICIAL DISTRICT WEST
FIRST DIVISION

STATE OF ARKANSAS                                         PLAINTIFF

VS.                          NO. CR2006-1200-1

BRENTON WAYNE LINN                                    DEFENDANT

JUDGMENT AND COMMITMENT
AND ORDER OF PROBATION

Now on this 6ᵗʰ day of July, 2007, appeared the State of Arkansas by Brandon Carter, and the defendant, Brenton Wayne Linn, in person and through counsel, WH Taylor. Defendant, Brenton Wayne Linn, changed his plea of not guilty to guilty to the charge of Negligent Homicide- Class C Felony (5-10-105) (2 counts) and announced ready for sentencing. The Court determined that defendant's plea was voluntary and that there is a factual basis for the plea.

IT IS THEREFORE, CONSIDERED, ORDERED AND ADJUDGED by the Court that the defendant, Brenton Wayne Linn, is guilty as charged, and that as to count one (1): Negligent Homicide- Class C Felony (5-10-105) be he and hereby is sentenced to confinement with the Arkansas Department of Correction for three (3) years, with credit for three (3) days in custody before sentencing, with imposition of an additional three (3) years suspended. That as to count (two) 2: Negligent Homicide- Class C Felony (5-10-105) the defendant, Brenton Wayne Linn, shall be place on supervised probation for six (6) years. Defendant's probation and suspended sentence shall be conditioned upon the following:

1. Defendant shall not commit an offense punishable by imprisonment.
2. Defendant shall work faithfully at suitable employment.
3. Defendant shall have no firearms in his possession at any time.
4. Defendant shall pay $150.00 Court Cost, $1,000.00 fine, $250.00 DNA fund fee, and a $20.00 Booking fee at the rate of $105.00 per month, which includes the $5.00 monthly collection fee, beginning 60 days after release, to the Circuit Clerk, Benton County Courthouse, Bentonville, AR 72712.
5. Defendant shall comply with all other conditions specified in his written suspended sentence contract and probation agreement.

THE COURT MADE THE FOLLOWING FINDINGS:

DEFENDANT's FULL NAME: Brenton Wayne Linn I, Brenda DeShields, certify this instrument is a true Copy of the _Judgment and Commitment_ AKA: on file in this office, dated 7/20/__

DATE OF BIRTH: 6-21-1984           RACE: Cau     SEX: Male
ARREST TRACKING #: 96464-2 SID#: AR3210926

Book_____ at Page
0701 880

Brenda DeShields, Clerk
By_____ D.C.

**BRENTON WAYNE LINN**      **CR2006-1200-1**                                      **PAGE 2**

**DEFENDANT'S ATTORNEY: WH Taylor**
**PROSECUTING ATTORNEY OR DEPUTY: Brandon Carter**
**CHANGE OF VENUE FROM:**

Defendant was represented by: Private Counsel
Defendant made a voluntary, knowing and intelligent waiver of the right to counsel: no

There being no legal cause shown by the Defendant, as requested, why judgment should not be pronounced, a judgment of conviction is hereby entered against the Defendant on each charge enumerated, fines levied, and court costs assessed.  The Defendant is sentenced to the Arkansas Department of Correction (A.D.O.C.) for the term specified on each offense shown below:

## NUMBER OF OFFENSES: TWO

Offense # One

A.C.A. # of Offense: 5-10-105
Name of Offense: Negligent Homicide
Seriousness Level of Offense: 4
Criminal History Score: 0
Presumptive Sentence: RPF/ AS
Sentence is a departure from the sentencing grid: YES
Offense is a: felony
Classification of offense:  C
Sentence imposed: three (3) years
Suspended imposition of sentence: three (3) years
Defendant was sentenced as a Habitual Offender under A.C.A. 5-4-501, Subsection A,B,C or D: No
Sentence was enhanced by A.C.A.
Defendant N/A to commit the offense.
Offense Date: June 4, 2006
Docket #: CR2006-1200-1
Arrest Tracking #:  964642
Number of counts: one (1)
Defendant was on N/A (probation/parole) at the time of conviction.
Commitment on this offense is a result of the revocation of Defendant's probation or suspended imposition of sentence: no
Victim of the offense was Over (under/over) the age of eighteen.
Defendant voluntarily, intelligently, and knowingly entered a: Guilty Plea
Defendant was sentenced by:  the Court

Offense # Two

A.C.A. # of Offense: 5-10-105
Name of Offense: Negligent Homicide
Seriousness Level of Offense: 4

CR 07014881

**BRENTON WAYNE LINN**     CR2006-1200-1                    PAGE 3

Criminal History Score: 0
Presumptive Sentence: RPF/ AS
Sentence is a departure from the sentencing grid: YES
Offense is a: felony
Classification of offense: C
Period of Confinement: N/A
Suspended imposition of sentence: N/A
Period of Probation: six (6) years
Defendant is assigned to: N/A
Special Conditions of confinement are attached: N/A
Defendant N/A to commit the offense.
Offense Date: June 4, 2006
Docket #: CR2006-1200-1
Arrest Tracking #: 964642
Number of counts: one (1)
Commitment on this offense is a result of the revocation of Defendant's probation or suspended imposition of
sentence: N/A
Victim of the offense was Under (under/over) the age of eighteen.
Defendant voluntarily, intelligently, and knowingly entered a: Guilty Plea
Defendant was sentenced by: the Court

Defendant committed a target offense and was sentenced under the Community Punishment Act. Upon successful
completion of the conditions of probation/S.I.S. Defendant shall be eligible to have his/her records sealed. No

Indicate which sentences are to run consecutively:
Death Penalty:          Execution date:
Total time to serve on all offenses listed above: three (3) years
Time is to be served at: Department of Correction
Jail time credit: three (3) days

The Defendant was convicted of a target offense under the Community Punishment Act. The Court hereby orders
that the Defendant be judicially transferred to the Department of Community Punishment (D.C.P.) NO
Failure to meet the criteria or violation of the rules of the D.C.P. could result in transfer to the A.D.O.C.:
Defendant is to pay: $150.00 Court Cost, $1,000.00 fine, $250.00 DNA fund fee, and a $20.00
Booking fee
A judgment of restitution is hereby entered against the Defendant in the amount and terms as shown below:
See Plea Agreement
Payable as follows: $105.00 per month, which includes the $5.00 monthly collection fee, beginning
60 days after release
Payments are to be made to: Circuit Clerk, Benton County Courthouse, Bentonville, AR 72712

Defendant is a Sex or Child Offender as defined in A.C.A. 12-12-903, and is ordered to complete the Sex Offender
Registration Form: N/A
Defendant is alleged to be a Sexually Violent Predator, and is ordered to undergo an evaluation at a facility


07014882

**BRENTON WAYNE LINN**        **CR2006-1200-1**                        **PAGE 4**

designated by the Department of Correction pursuant to A.C.A. 12-12-918: N/A
Defendant was adjudicated guilty of a sex offense, a violent offense, residential burglary, commercial burglary, or a repeat offense (as defined in A.C.A. 12-12-1103),. and is ordered to have a DNA sample drawn at: Yes, Department of Correction

Special Conditions: Comply with the terms and conditions of the written Probation Agreement and Suspended Sentence Contract. Submit DNA sample upon request. Defendant must make a good faith effort to complete the long term alcohol treatment program while in the Department of Correction. Be evaluated at the Ozark Guidance Center for Alcohol Abuse and Mental Health issues upon release.

Defendant was informed of the right to appeal: yes

Appeal Bond: N/A

TRANSPORT BOND:
The County Sheriff is hereby ordered to transport the Defendant to: Department of Correction

The short report of circumstances attached hereto is approved.

Date: July 6, 2007        Circuit Judge: Tom J. Keith

Signature: _____

I certify this is a true and correct record of this Court.

Date: 7-6-07              Circuit Clerk/Deputy:

C R 07014883

is information is provided pursuant to A.C.A. §12-27-113(1)(C)(i) & (2) (Supp. 1993)

fendant's Name: LIAL, Steven Wayne                    SID NO.: 721063B
ize Number: CR 2006-1200-1          COUNTY

SUMMARY OF THE FACTS:
On 6/4/06, the defendant broke into the home of Karen Wade ...
... in dark, the only charge McDaniel had was ...

FILED JUL 1 21 2007
BRENDA SHIELDS
CLERK AND RECORDER
_____ COUNTY

FACTORS:

| AGGRAVATING | MITIGATING |
|---|---|

**AGGRAVATING**

(  ) Production or use of any weapon during the criminal episode.

(  ) Threat or violence toward witness(es) or victim(s).

(  ) Defendant knew or had reason to know the victim(s) were particularly vulnerable (aged, handicapped, very young, etc.)

(  ) Ability to make restitution, reparation or return property and failed to do so.

(  ) Violation of position of public trust or recognized professional ethics.

(  ) Degree of property loss, personal injury or threatened personal injury substantially greater than characteristic for the crime.

( . ) There is a single conviction for a crime involving multiple victims or incidents.

( . ) Defendant on probation or parole at the time of the crime.

(  ) Persistent involvement in similar criminal offenses.

(✗) Repetition of behavior pattern which contributes to criminal conduct, e.g., return to drug or alcohol abuse.

(  ) Prior record of similar offenses.

(  ) Serious prior record.

(  ) Pursuant to a Guilty or No Contest plea, other crimes were dismissed or not prosecuted.

(✗) New criminal activity while on pretrial release.

(  ) Persistent criminal misconduct while under supervision.

(✗) Efforts to conceal crime.

Other: _____

**MITIGATING**

(  ) Victim(s) provoked the crime to substantial degree, or other evidence that misconduct by Victim contributed to the criminal episode.

(  ) Cooperation with criminal justice agencies in resolution or other criminal activity.

(  ) Effort to make restitution or reparation (particularly before required to do so by sentencing).

( . ) Degree of property loss, personal injury or threatened personal injury substantially less than characteristic for the crime.

(  ) Special effort on part of perpetrator to minimize the harm or risk.

(  ) Peripheral involvement in criminal episode (e.g., passive accessory).

(  ) Evidence of withdrawal, duress, necessity or lack of sustained criminal intent or diminished mental capacity (e.g., mental retardation) which is insufficient to constitute a defense but is indicative of reduced capability.

(  ) No prior parole or probation difficulty.

(  ) Efforts to deal with problems associated with past criminal conduct.

(  ) No, or minimal, prior record.

Other: _____

ED: _____     SIGNED: _____
Circuit Judge                Prosecuting Attorney or Deputy

CR07014884

# IN THE CIRCUIT COURT OF WASHINGTON COUNTY, ARKANSAS
## CIVIL DIVISION

DOUGLAS ALLEN COLEMAN, Individually and as
Special Administrator for the Estate of
CASEY L. ANSTINE, deceased.

vs.                          CASE NO. CV-2009-1775-5

BRENTON WAYNE LINN



PLAINTIFF

DEFENDANT

## JUDGMENT

Now on the 7th day of April, 2011, this action comes on for bench trial. The Plaintiff appears in person, by and through his attorney, A. Powell Sanders, and the Defendant appears in person, pro se. Witnesses were sworn and examined. After hearing the evidence, stipulations, and arguments of counsel and the Defendant, the Court makes the following findings of fact and award of damages:

The Defendant has stipulated to negligently causing the death of Casey L. Anstine. Based upon the evidence provided by the Plaintiff, the Court further finds that the Defendant wrongfully, willfully, unlawfully, and feloniously caused the death of Casey L. Anstine while Defendant was driving while intoxicated, and therefore punitive damages are proper. The Court finds that Plaintiff's Complaint states a cause of action against the Defendant and that this matter is appropriate for entry of judgment as to damages. The Court awards $2,000,000.00 in damages to be apportioned as follows:

$500,000.00 to the Estate of Casey L. Anstine for the loss of her life;

$500,000.00 to Mason Anstine as the daughter of Casey L. Anstine;

$500,000.00 to Brittany McConnell as the daughter of Casey L. Anstine.

$50,000.00 to Plaintiff, Douglas Allen Coleman as the half brother of Casey L. Anstine;



EXHIBIT
E

$50,000.00 to Chelsea McConnell as the sister of Casey L. Anstine;

$50,000.00 to Lacey McConnell as the sister of Casey L. Anstine;

$50,000.00 to Patricia Belt as the half sister of Casey L. Anstine; and

$50,000.00 to Douglas Allen Coleman, Sr. as the stepfather of Casey L. Anstine,

standing in loco parentis to Casey L. Anstine;

The Court also awards $250,000.00 in punitive damages.

IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED that the Plaintiff, Douglas Allen Coleman, Individually and as Special Administrator of the Estate of Casey L. Anstine, deceased, should be, and is, granted a judgment against the Defendant, Brenton Wayne Linn, in the amount of $2,000,000.00, to be distributed as set forth above, together with post judgment interest, at the rate of ten percent (10%) per annum until satisfied in full, all for which execution may issue as provided by law.

_____
HONORABLE BETH STOREY BRYAN
CIRCUIT JUDGE

This Judgment Prepared By:
A. Powell Sanders, ABA #97015
Sexton & Sanders Law Firm, P.A.
Attorneys at Law
17 North 6th Street
P. O. Box 1526
Fort Smith, AR 72902
(479) 782-3434
Fax: (479) 782-0092

# SEXTON & SANDERS
# LAW FIRM, P.A.
### ATTORNEYS AT LAW

17 North 6th Street-Post Office Box 1526
Fort Smith, Arkansas 72902-1526
Telephone (479) 782-3434
Fax (479) 782-0092

A. Powell Sanders                                          Sam Sexton, Jr. (1924-2000)
Ziad Masri

January 4, 2013

VA Prudential Insurance
ATTN: Claims Department
VIA FASCIMILE 1-877-832-4943

Re:     Your Insured:  Casey L. Anstine, Deceased
        My Client:     The Estate of Casey L. Anstine, Deceased
        DOL:           June 4, 2006
        Claim No.:     10710643

Dear Claims Department:

My name is A. Powell Sanders, and I'm the owner of Sexton & Sanders Law Firm, P.A.,
in Fort Smith, Arkansas. I represent The Estate of Casey L. Anstine, Deceased. It is my
understanding that Casey L. Anstine purchased a life insurance policy through the
VA/Prudential naming herself as the insured, and naming Brenton Wayne Linn as the
beneficiary. It is my understanding that approximately $407,000 was paid to Brenton
Wayne Linn in 2006 under this policy.

Upon the claims handler's examination of the Arkansas Motor Vehicle Collision Fatality
Report regarding Casey L. Anstine, which was completed on or about June 14, 2006, it is
clear that Mr. Linn was intoxicated, smelled of alcohol, and was driving recklessly at the
time of this collision. It is also clear that Mr. Linn lied to the investigating officers about
being the one who was driving the vehicle. Disturbingly so, Mr. Linn blamed this
collision on his wife, Casey L. Anstine, who he said was driving. This fatality report
shows that a blood sample was taken from Mr. Linn at the hospital. The blood taken
from Mr. Linn over three hours later revealed a blood alcohol level of 0.06 %, indicating
that he was above the legal limit at the time of this wreck. These results and the entire
story regarding this collision were published in the local newspaper.

On July 6, 2007, Brenton Wayne Linn was found guilty of Negligent Homicide- Class C
Felony. The summary of the facts in the judgment state that Mr. Linn drove while
intoxicated and negligently caused the death of Casey and her unborn child. Mr. Linn



was sentenced to three years in prison and is instructed to enroll himself in a long-term
alcohol treatment program.

Enclosed please find the following Judgment entered on October 24, 2011, in the Circuit
Court of Washington County, Arkansas, against Brenton Wayne Linn for "wrongfully,
willfully, unlawfully, and feloniously" causing the death of Casey L. Anstine, while
intoxicated. This Judgment awarded the Estate of Casey L. Anstine, Deceased,
$2,000,000 in damages, which included $250,000 in punitive damages as a result of Mr.
Linn's intoxication.

Arkansas law has long held that the "willful, unlawful, and felonious killing of the
assured by the person named as beneficiary in a life policy forfeits all right of such
person therein." See Metropolitan Life Ins. Co. v. Shane, 98 Ark. 132, 135 S.W. 836,
Ark. 1911., where the Arkansas Supreme Court states:

> It is unnecessary that there should be an express exception in the contract of
> insurance forbidding a recovery in favor of such person in such event. On
> considerations of public policy the death of the insured intentionally caused by the
> beneficiary of the policy is an excepted risk so far as the person thus causing the
> death is concerned. As is said in the case of New York Life Insurance Company
> v. Armstrong, 117 U.S. 591, 6 Sup. Ct. 877, 29 L. Ed. 997: "It would be a
> reproach to the jurisprudence of the county, if he could recover insurance money
> payable on the death of a party whose life he had feloniously taken. As well
> might he recover insurance money upon a building that he had willfully fired." 4
> Cooley's Briefs on Law of Insurance, p. 3153; New York Life Ins. Co. v. Davis,
> 96 Va. 737, 323 S. E. 475, 44 L. R. A. 305.

The Arkansas Supreme Court in Metropolitan Life Ins. Co affirmed the trial court's
ruling that the estate of the insured was entitled to recover as the proper beneficiary of the
life insurance policy under these circumstances.

Under similar circumstances, the Arkansas Supreme Court has repeatedly made this
ruling. In Cooper v. Krisch, 179 Ark. 952, 18 S.W.2d 909., the Arkansas Supreme Court
held that when the beneficiary in a life insurance policy unlawfully kills the insured, the
amount of the insurance becomes an asset of the insured's estate, to be recovered by the
administrator for the payment of debts and distribution to her heirs. See also, Henry v.
Knights & Daughters of Tabor, 156 Ark. 165, 246 S.W. 17, where the Arkansas Supreme
Court held "that the beneficiary, having willfully killed the insured, could not recover on
the policy, but that a recovery might be had for the benefit of the insured's estate." See
also, Mutual Ben. Health & Accident Ass'n v. Tilley, 176 Ark. 525, 3 S.W.2d 320, 1928,
Inter-Southern Life Ins. Co. v. Butts, 179 Ark. 349, 16 W.W.2d 184, 1929.

In Horn v. Cole, Administrator, 203 Ark. 361, 156 S.W. 2d 787 (1941), the Arkansas
Supreme Court notes that "[t]his court has repeatedly held that where the beneficiary in a
policy of life insurance wrongfully kills the insured, public policy prohibits recovery by
the beneficiary." The Court goes on to state "[t]he same principal of public policy which

precludes him from claiming directly under the insurance contract equally precludes him from claiming under the statute of decent and distribution." The Arkansas Supreme Court holds that "the heirs at law of the deceased are entitled to this money."

This firmly established rule was more recently discussed by the Arkansas Court of Appeals in Brewer v. Arkansas Dept. of Human Services, 71 Ark. App. 364, 32 S.W.3d 22, Ark. App., 2000, where the Court notes:

> In the seminal case, Metropolitan Life Ins. Co. v. Shane, 98 Ark. 132, 138, 135 S.W. 836, 839 (1911), our supreme court stated, "The willful, unlawful, and felonious killing of the assured by the person named as beneficiary in a life insurance policy forfeits all rights of such person therein."

The Arkansas Court of Appeals in Brewer goes on to state, "with respect to the [life] insurance cases the trial court must determine whether the beneficiary wrongfully or unlawfully killed the deceased—a finding that is akin to a civil wrongful death action."

Both the Criminal and Civil Divisions in the Washington County Circuit Court found that Mr. Linn's actions were "willful, unlawful, and felonious" in causing the death of Casey L. Anstine. As such, it is clear that Mr. Linn would not be allowed to collect as a beneficiary of Casey's life insurance policy under Arkansas law.

A simple examination of the fatality report would have given the claims handler sufficient knowledge that Mr. Linn willfully, unlawfully, and feloniously caused the death of Casey Anstine, and this would clearly negate him as a beneficiary under this policy. As such, VA/Prudential should not have paid Mr. Linn any monies, for this would have allowed him to profit from the death he willfully, unlawfully, and feloniously caused.

It is clear that the Estate of Casey L. Anstine, Deceased, is the rightful beneficiary to this life insurance policy, and that the proceeds of such policy should be paid to this estate. Therefore, we demand that Prudential pay $407,000.00, plus interest, to the rightful beneficiary, the Estate of Casey L. Anstine, Deceased.

Otherwise, we intend to sue for the policy proceeds plus interest, attorney's fees and penalties, and for punitive damages, as Prudential would have acted in bad faith in failing to remedy this situation, when it was blatantly clear that upon a simple investigation of the circumstances surrounding Casey L Anstine's death, and upon examination of this letter, that Mr. Linn should have not received a dime, and that the Estate of Casey L. Anstine, Deceased, is the rightful beneficiary.

Also, please provide a copy of the Application for insurance, the Policy issued, and the Declaration of Beneficiary.

Please contact me to discuss Prudential's position once they have had an opportunity to review this information and demand:

We look forward to hearing from you soon.

Sincerely,


A. Powell Sanders
Attorney at Law