IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DOUGLAS A. COLEMAN, JR
in his capacity as Special Administrator of the
Estate of Casey L. Anstine, deceased, and in his
capacity as next friend of M.A., a minor, and
B.M., a minor                                                                         PLAINTIFF

v.                                                    No. 2:17-CV-02205

PRUDENTIAL INSURANCE
COMPANY OF AMERICA                                                       DEFENDANT

## OPINION AND ORDER

Before the Court are Defendant Prudential Insurance Company of America's
("Prudential") motion to dismiss (Doc. 10) and brief in support (Doc. 12), Plaintiff Douglas A.
Coleman Jr.'s response (Doc. 24) and brief in support (Doc. 25), and Prudential's reply (Doc. 33).
For the following reasons, the Court finds that Prudential's motion to dismiss (Doc. 10) should be
granted.

## I.      Background

Coleman brings this action on behalf of both the estate and minor children of Casey L.
Anstine, seeking life insurance benefits under the group life insurance policy ("the policy") issued
by Prudential to the Secretary of Veterans' Affairs under the Servicemembers' Group Life
Insurance Act ("SGLIA"), 35 U.S.C. § 1965, *et seq*.

On June 4, 2006, Anstine was killed in a motor vehicle crash caused by her husband,
Brenton Wayne Linn, who was driving while intoxicated.  At the time of her death, Anstine had
$400,000 in Servicemembers Group Life Insurance ("SGLI") coverage under the policy and had
designated Linn as the beneficiary of that coverage.   After reviewing Linn's claim, Prudential
paid him the benefit in 2006.

On July 6, 2007, Linn was found guilty of negligent homicide. On April 7, 2011, Linn stipulated to causing the death of Anstine in a civil action for wrongful death.

On January 4, 2013, Coleman's counsel requested that Prudential pay the benefit to Anstine's estate and minor children because the benefit had been improperly payed to Linn in violation of the Arkansas Slayer Statute. On April 5, 2013, Prudential responded and refused to pay.

On July 31, 2017, Coleman filed a complaint (Doc 1-1) bringing four claims related to the allegedly improper payment of the benefit. Prudential moved to dismiss (Doc. 10) on the grounds that Coleman's claims were not timely. On January 5, 2017, Coleman filed an amended complaint with leave of Court. (Doc. 36). The Court previously entered an order indicating that it would consider Prudential's motion to dismiss as if it had been filed in response to the amended complaint. (Doc. 35). Accordingly, the Court now analyzes Prudential's motion to dismiss as it relates to Coleman's amended complaint.

II.     Analysis

Coleman argues that there is no time limit to bring claims under the SGLIA because the statute is silent as to the statute of limitations. He further argues that his state law claims were timely because the five-year Arkansas statute of limitations began to run on April 5, 2013, when Prudential allegedly breached the policy. Prudential argues that the five-year Arkansas statute of limitations applies to both state law claims and claims under the SGLIA. Prudential further argues that the five-year statute of limitations began to run on Anstine's death and, as such, Coleman's claims are time barred. The Court finds that Coleman's claims were time barred.[1]

---

[1] The pleadings are not clear as to which claims are brought under state law and which claims are brought under federal law. However, this distinction is not material to the Court's

"A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) as barred by a statute of limitations if the complaint itself shows that the claim is time-barred." *Wong v. Well Fargo Bank N.A.*, 789 F.3d 889, 897 (8th Cir. 2015).

The Arkansas statute of limitations on actions to recover on a life insurance policy is five years from the accrual of the cause of action. *First Pyramid Life Ins. Co. v. Stoltz*, 843 S.W.2d 842, 844 (Ark. 1993). The cause of action accrues upon the death of the insured. *Id.*

While the SGLIA does not contain a statute of limitations, it is well settled that where Congress has not established a statute of limitations for a federal cause of action, federal courts borrow the forum state's limitations period for the most analogous state law cause of action. *North Star Steel Co. v. Thomas*, 515 U.S. 29, 35 (1995). The most analogous state law cause of action to a claim under the SGLIA is an action to recover on a life insurance policy. Accordingly, Coleman was required to bring all of his claims within five years of Anstine's death.

The statute of limitations in this case began to run on June 4, 2006 – the date of Anstine's death. *See First Pyramid*, 843 S.W.2d at 844. However, Coleman did not file his complaint until July 31, 2017, well after the five-year statute of limitations had run. Coleman offers no reason why the statute of limitations should be equitably tolled. Linn was found guilty of negligent homicide on July 6, 2007, but Coleman waited until January 4, 2013 (still over five years if the limitations period were tolled until Linn's conviction), to allege that Linn was not eligible for the benefit under the Arkansas Slayer Statute. Coleman clearly had the opportunity to request that Prudential pay the benefit to Anstine's estate and minor children within the five-year statute of limitations period and chose not to. Accordingly, the Court finds that it is apparent from the

---

analysis because the Court finds that the time limit to bring claims under the SGLIA is identical to the five-year Arkansas statute of limitations.

complaint that Coleman's claims are time barred.

**III.    Conclusion**

IT IS THEREFORE ORDERED that Defendant Prudential Insurance Company of America's motion to dismiss (Doc. 10) is GRANTED and the claims against Prudential are DISMISSED WITH PREJUDICE as untimely.  Judgment will be entered in favor of Prudential Insurance Company of America.

IT IS SO ORDERED this 14th day of February, 2018.


*/s/ P. K. Holmes,* III

P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE